**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mauricio Fernandez Margain,<br><br>    Petitioner,<br><br>v.<br><br>Elsa Lourdes Ruiz-Bours,<br><br>    Respondent. | No. CV-13-01162-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Respondent Elsa Ruiz-Bours' Ex Parte Motion/Request for Clarifying Order (Doc. 40) and Petitioner Mauricio Margain's Motion to Strike (Doc. 42). Respondent filed a response to the Motion to Strike, but no other filings have been entered. The Court will deny Ruiz-Bours' motion because any opinion by the Court would be advisory. However, the Court sees no need to strike the motion from the record.

*Procedural History*

On January 22, 2014, after a three-day bench trial, this Court denied Margain's Petition for Return of Minor Child (Doc. 1), which asked the Court to order the return of Margain and Ruiz-Bours' child to Margain in Mexico. (Doc. 28.) The Court found that as a matter of law, the child had not been unlawfully removed by Ruiz-Bours to the United States in violation of the Hague Convention because the child was a habitual resident of the United States. *Id*. at 7-10. Furthermore, the Court determined returning the child to Mexico was not warranted under the Hague Convention because Margain had not brought his claim in District Court until over one year after the child's removal and the child was

well settled in the United States. *Id*. at 11-12. The Court stated, "the child will not be returned to Mexico. The child remains in the custody of Respondent *until such time as custody of the child is determined by a court of competent jurisdiction*." *Id*. at 13 (emphasis added). The Court dismissed this case with prejudice. *Id*. at 13. Margain appealed the Court's determination, but the Ninth Circuit affirmed the Court's decision in a memorandum opinion on March 3, 2015. (Doc. 39-1.)

***Instant Motions***

Ruiz-Bours filed the instant Motion for Clarification alleging that Margain had subsequently filed for custody in the 2nd Family Law Court in Tijuana, Baja California, Mexico ("Tijuana Court"). (Doc. 40 at 2, ¶3.) The Tijuana Court granted him custody in September 2014. *Id*. at ¶4. Ruiz-Bours alleges that Margain also filed for custody in Pima County Superior Court ("State Court") but was denied. *Id*. at ¶¶5-6. She claims Margain removed the child to Mexico in violation of the State Court's order. *Id*. at 2, ¶¶7-8. However, the Tijuana Court's order was subsequently reversed by the Supreme Court of Justice of the Nation of Mexico ("Supreme Court of Mexico"), with an order to return the child to Ruiz-Bours on August 22, 2018. *Id*. at 3, ¶¶10-11. Margain asked the Pima County Court to enter an order stating it had no jurisdiction over the custody determination. *Id*. at 3 ¶13; 6. Ruiz-Bours is fearful that if the State Court ultimately rules that it does not have jurisdiction, Margain will not only have violated both the Supreme Court of Mexico's order as well as the Order of this Court but he will be able to further prevent Ruiz-Bours from seeing her child. *Id*. at 4, ¶14-15. Ruiz-Bours asks this Court to issue an order clarifying that the child is a habitual resident of the United States and directing the return of her child. *Id*. at 12, ¶¶1-2.

Margain argues that the Court should strike Ruiz-Bours' Motion for Clarification because this case has been dismissed and no further filings are permitted, but he does not address or respond to Ruiz-Bours' allegations. (Doc. 42.) The Court finds that Margain's argument does not make striking the motion necessary.

Nonetheless, the Court will deny the Motion for Clarification. The Court affirms

that its January 22, 2014 Order states that the child was a habitual resident of the United States for the purposes of the Petition for Return of Minor Child. (Doc. 28 at 9-10.) However, the Court did not rule on any further custody matters. In fact, this Court ordered that Ruiz-Bours maintain custody of the child "until such time as custody of the child is determined by a court of competent jurisdiction." *Id*. at 13. Ruiz-Bours concedes that custody has been decided in the Tijuana Court and overturned in the Supreme Court of Mexico, and the State Court is currently determining whether it has jurisdiction to enforce custody. The Court's Order does not extend to these proceedings. "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quotation marks and citations omitted). Any opinion in this case about the effect of this Court's determination of "habitual residence" on proceedings either in Mexico or in the State Court would be advisory, and so the Court has no jurisdiction to enter such an order.

Therefore, IT IS ORDERED both motions are DENIED. (Docs. 40, 42.)

Dated this 17th day of April, 2019.

Honorable Raner C. Collins
Senior United States District Judge